UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE CITY OF LEWISTON ) <br> ) <br> Defendant. ) | Case No. _____ <br><br> JURY DEMANDED |

## COMPLAINT

**NOW COMES** Plaintiff, the United States of America, by undersigned counsel, and hereby asserts the following as its civil complaint.

### PARTIES, JURISDICTION & VENUE

1. Plaintiff, the United States of America ("United States"), brings this action on behalf of itself and its agency, the U.S. Department of Housing and Urban Development ("HUD").

2. Defendant is the City of Lewiston, Maine ("Lewiston"), a duly organized municipality existing and operating under the laws of the State of Maine, which is responsible for the actions and inactions of its employees and agents within the scope of their employment and/or responsibilities.

3. This action arises under the False Claims Act, 31 U.S.C. § 3729, and the common law.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1395.

### The Home Program

5. The HOME Program is one of HUD's Community Planning and Development grant programs.

6. The HOME program provides annual grants to participating states and localities, which are used to fund a wide range of activities, including the rehabilitation of affordable housing.

7. For each grantee, HUD establishes a line of credit that may be drawn upon as needed.

### Lewiston's Participation in the HOME Program

8. In May 2007, in order to obtain federal funds through the HOME program, Lewiston became a Member of a Consortium with HUD and the City of Auburn.

9. Pursuant to a Consortium Agreement with HUD and the City of Auburn ("the Consortium Agreement"), Lewiston was required to comply with all HUD HOME Program statutes, regulations, and instructions.

10. Pursuant to Section 4(h)(ii)(B) of the Consortium Agreement, Lewiston was obligated as follows: "Each invoice submitted shall have been reviewed and approved by the Member for accuracy, quantity and quality of work, materials or services provided, consistency with contractual terms, and compliance with all applicable HUD and HOME program regulations.  As required by HOME Program regulation 92.504(c)(2)(VI), the Member shall limit the requested disbursement of project funds to the amount presently needed for payment of eligible costs."

11. In 2007, in part based on reliance on the terms of the Consortium Agreement, HUD awarded the Lewiston-Auburn Consortium $574,826.00 to carry out eligible HOME Program activities.

### The Appropriate Method to Administer Funds

12. The appropriate method to administer HOME funds would begin with an inspection of the properties to ensure that they were suitable for the HOME Program and in compliance with applicable code provisions.

13. A property owner would then submit a proposal to Lewiston for work to be performed.

14. Next, Lewiston would consider the proposal and decide whether to accept, reject, or request additional information.

15. If Lewiston decided to make a loan, it would obtain a promissory note from the property owner and impose a mortgage lien on the property.

16. The property owner would obtain the necessary permits and hire subcontractors to perform the specific work under the loan.

17. The property owner would also obtain written estimates of the work to be performed, which would be submitted to Lewiston for advance approval.

18. Once approved, a contractor would perform the work, and the property owner would notify Lewiston so that it could inspect the work.

19. Once inspected, the owner would submit an invoice to Lewiston for approval.

20. Lewiston would then complete a disbursement voucher that included a certification that the work was completed and that it complied with applicable codes and program requirements.

21. Only then would Lewiston would issue a two-party check, payable to the owner and the contractor.

### Lewiston's Improper Payments to Travis Soule and his Agents

22. In June 2007, Lewiston agreed to lend $200,000 in HOME Program funds to Travis Soule and his company, Pine Properties Limited Liability Corporation (LLC).

23. The purpose of the loan was to rehabilitate three low-income multifamily residential buildings located in Lewiston at 176, 191, and 200 Pine Street.

24. The work was supposed to have been performed between June 2007 and May 2008.

25. Lewiston was billed for rehabilitation costs by Travis Soule and/or his agents, such as Landmark/REM LLC.

26. As illustrated in the chart below, from June 2007 through May 2008, Lewiston paid $139,397.54 in HOME Program funds to Pine Properties LLC; Landmark/REM LLC; and/or various third party sub-contractors for rehabilitation work that was allegedly completed at 176, 191, and 200 Pine Street:

27.

| Payment Number | Check Date | Check Number | Check Was Paid To the Order Of: | Check Amount |
|---|---|---|---|---|
| 1 | 08/08/07 | 44276 | Solo Affordable Housing & Hallmark Construction | $26,502.00 |
| 2 | 08/22/07 | 44528 | Pine Properties LLC & Robert S Burns | $4,500.00 |
| 3 | 08/22/07 | 44527 | Pine Properties LLC & Hallmark Construction | $2,500.00 |
| 4 | 08/22/07 | 44526 | Pine Properties LLC & G&D Electric | $3,200.00 |
| 5 | 08/22/07 | 44529 | Pine Properties LLC & American Best Window | $14,948.00 |
| 6 | 09/12/07 | 44870 | Pine Properties LLC & Landmark/REM | $12,776.00 |
| 7 | 09/12/07 | 44869 | Pine Properties LLC & Robert S Burns | $1,200.00 |
| 8 | 09/12/07 | 44871 | Pine Properties LLC & American Best Window | $4,290.00 |
| 9 | 10/24/07 | 45667 | Pine Properties LLC & Robert S Burns | $5,300.00 |
| 10 | 11/21/07 | 46190 | Pine Properties LLC & Maxim's Heating | $10,000.00 |
| 11 | 11/21/07 | 46191 | Pine Properties LLC & Robert S Burns | $5,300.00 |
| 12 | 11/21/07 | 46192 | Pine Properties LLC & Landmark/REM | $1,200.00 |
| 13 | 11/21/07 | 46193 | Pine Properties LLC & American Best Window | $1,579.00 |
| 14 | 01/02/08 | 46986 | Pine Properties LLC & Robert S Burns | $5,300.00 |
| 15 | 01/24/08 | 47368 | Pine Properties LLC & Maxim's Heating | $40,802.54 |
| 15 Payments | | | TOTAL | $139,397.54 |

### Lewiston's False Certifications of the Work's Completion

28. With respect to the 15 payments listed above, Lewiston authorized the disbursement of federal funds without performing an inspection or otherwise verifying that the work had been performed.

29. Lewiston knew or should have known that, prior to authorizing the disbursement of funds, it was required to perform an inspection or otherwise verify that the work was performed.

30. When Lewiston authorized the disbursement of those funds, Lewiston certified that the projects were complete.

31. For each of the 15 payments listed above, Lewiston's representative signed the following certification: "I certify that all work represented by the payment amount approved is complete and complies with all applicable codes and program requirements."

32. Lewiston's certifications were false because the projects were, in fact, not complete.

33. Lewiston recklessly disregarded its obligation to ensure that the work was complete before certifying that the work was complete.

### Travis Soule

34. With respect to the payments listed above and other matters, Travis Soule (and/or his agents) presented to the City of Lewiston Office of Economic and Community Development (OECD) numerous claims for disbursement of HOME Program funds in the form of loan proceeds.

35. The claims by Soule (and/or his agents) were false because the work was either not done at all, the money was used for some other purpose, the invoice substantially overstated the work that was done, the invoice had been altered to inflate the cost of the work,

and/or the work that was done cost substantially less than the amount invoiced, claimed and reimbursed.

36. On April 5, 2012, with respect to these 15 payments and other related matters, Travis Soule was sentenced to 14 months imprisonment and 3 years of supervised release for Making False Claims and Theft of Public Money pursuant to 18 U.S.C. §§ 287, 641, respectively.

### Count I
### False Claims Act, 31 U.S.C. § 3729(a)(1)
### Knowingly Presenting or Causing to Be Presented
### A False or Fraudulent Claim

37. The foregoing paragraphs are incorporated by reference.

38. Lewiston knowingly presented, or caused to be presented, to officers, employees or agents of the United States false or fraudulent claims for payment or approval.

39. By virtue of the false or fraudulent claims made or caused to be made by Lewiston, the United States has suffered damages and therefore is entitled to multiple damages under the False Claims Act, to be determined at trial, plus a civil penalty of $5500 to $11,000 for each such false or fraudulent claim.

### Count II
### False Claims Act, 31 U.S.C. § 3729(a)(2)
### Knowingly Using False Records or Statements
### To Get a False Claim Paid

40. The foregoing paragraphs are incorporated by reference.

41. Lewiston knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the United States.

42. By virtue of the false or fraudulent claims made or caused to be made by Lewiston, the United States has suffered damages and therefore is entitled to multiple damages under

the False Claims Act, to be determined at trial, plus a civil penalty of $5500 to $11,000 for each such false or fraudulent claim.

### Count III
### Payment By Mistake of Fact

43. The foregoing paragraphs are incorporated by reference.

44. This is a claim for recovery of money paid by the United States to Lewiston.

45. The false or fraudulent claims with Lewiston submitted or caused to be submitted to the United States' agents constituted misrepresentations of material fact.

46. The United States, acting in reasonable reliance on the accuracy and truthfulness of the information contained in the claims, paid Lewiston certain sums to which Lewiston was not entitled, and thus Lewiston is liable to account and pay such amounts, which are to be determined at trial, to the United States.

### Count IV
### Unjust Enrichment

47. The foregoing paragraphs are incorporated by reference.

48. This is a claim for the recovery of money by which Lewiston has been unjustly enriched.

49. Lewiston has received and continues to maintain control over certain money to which it is not entitled.

50. By directly or indirectly obtaining United States funds to which it was not entitled, Lewiston was unjustly enriched and is liable to account and pay such amounts, or the proceeds therefore, which are to be determined at trial, to the United States.

**WHEREFORE**, the United States respectfully requests that the Court enter Judgment in its favor for the full amount of damages and penalties and interest, and grant such other relief as is just and proper.

Dated: August 21, 2014                           Respectfully submitted,

                                                                 Thomas E. Delahanty II
                                                                 United States Attorney

                                                                 */s/ Evan J. Roth, AUSA*
                                                                 United States Attorney's Office
                                                                 100 Middle Street, East Tower, Sixth Floor
                                                                 Portland, Maine   04101
                                                                 (207) 780-3257
                                                                 Evan.Roth@usdoj.gov